J-A25028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: G.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: CITY OF PHILADELPHIA, | : | |
| DEPARTMENT OF HUMAN SERVICES | : | |
| (DHS) | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 124 EDA 2017 |

Appeal from the Order Entered November 21, 2016
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-DP-0002329-2016,
FID# 51-FN-002248-2016

BEFORE:   OTT, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                          **FILED OCTOBER 02, 2017**

The City of Philadelphia, Department of Human Services (DHS) appeals from the order entered November 21, 2016, in the Court of Common Pleas of Philadelphia County, adjudicating G.S., a Minor (Child), dependent, and declining to find that DHS made "reasonable efforts" to prevent or eliminate the need for placement.[1,2]  DHS maintains (1) the trial

---

* Former Justice specially assigned to the Superior Court.

[1] DHS is an aggrieved party with standing to appeal.  **See In the Interest of K.C.,** 156 A.3d 1179, 1182–1183  (Pa. Super. 2017).  Furthermore, we agree with DHS's position that the order is a collateral order appealable pursuant to Pa.R.A.P. 313.  **See** DHS's Brief at 1-2 ("Statement of Appellate Jurisdiction").

[2] In light of the Supreme Court's admonishment of this Court in regard to delays in Fast Track cases, **see In re T.S.M.**, 71 A.3d 251, 261 n.21 (Pa.
*(Footnote Continued Next Page)*

court erred as a matter of law in applying the wrong legal standard for "reasonable efforts", and (2) the trial court erred as a matter of law in holding that the record did not support an order finding that DHS made "reasonable efforts."  We agree and, therefore, we vacate the order in part, and remand with instructions.

As a result of a General Protective Services report received by DHS on October 18, 2016, alleging physical abuse by Child's mother, DHS obtained an order of protective custody for Child.[3]  Order of Protective Custody, 10/20/2016.   The judge granting the order found, *inter alia*, that "appropriate reasonable efforts to prevent placement were made, or that preventative services were not offered due to the necessity for an emergency placement and that the lack of services was reasonable under the circumstances."  *Id.*  On October 21, 2016, a shelter care hearing was held, and the trial court approved the Master's recommendation that found DHS made reasonable efforts to prevent or eliminate the need for removal of

_(Footnote Continued)_ ————————————

2013) (stating that "repeated delays" were not fully explained), it is important to state here that this case has been delayed for panel listing because the Philadelphia Court of Common Pleas sent the certified record to this Court well past the due date. The certified record was due in this Court by January 19, 2017.  Despite ongoing efforts by this Court to obtain the certified record, the certified record was not received until June 23, 2017. As a result, the briefing schedule was delayed by six months, solely on the basis of the late submission of the certified record.  It bears mention DHS requested and received a short 7-day extension of time to file its brief.

[3] Child was fifteen years of age and in tenth grade.  *See* N.T., 11/21/2016, at 13, 17.

the Child.  ***See*** Master's Recommendation for Shelter Care and Order, 10/21/2016.  On November 21, 2016, following an adjudicatory hearing, the trial court adjudicated G.S. dependent.  The trial court further found that DHS "made NO reasonable efforts to prevent or eliminate the need for removal of this child from the home."  Order of Adjudication and Disposition — Dependent, 11/21/2016, at 1.

On December 15, 2016, DHS filed a petition for reconsideration regarding the "reasonable efforts" finding[4] and, on December 20, 2016, DHS filed this timely appeal, together with a Pa.R.A.P. 1925(b) statement.

Our standard of review is well settled:

> We must accept the facts as found by the trial court unless they are not supported by the record. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate. We review for abuse of discretion. Our scope of review, accordingly, is of the broadest possible nature. It is this Court's responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record. Nevertheless, we accord great weight to the court's fact-finding function because the court is in the best position to observe and rule on the credibility of the parties and witnesses.

***In re E.P.***, 841 A.2d 128, 131 (Pa. Super. 2003) (citation omitted).

At the adjudicatory hearing, documentation from Penn Medical Emergency was provided to the trial court which indicated G.S. had suffered

---

[4] The court did not rule on DHS's motion for reconsideration.

a concussion as a result of the physical altercation with her mother. N.T., 11/21/2016, at 15. The DHS social worker testified that G.S. was due to have a follow-up medical appointment but did not have the appointment due to a disconnect with the Community Umbrella Agency (CUA) subcontractor. *See* N.T., 11/21/2016, at 15–16, 20. At the hearing, the trial judge asked: "How do I give you reasonable efforts when she came in with a concussion that happened like a month ago? She still has not had a follow-up appointment. *Id*. at 19. The trial court continued, "I believe that DHS and/or the agency, has abdicated their responsibility to this young lady." *Id.* at 21. The trial court concluded: "[B]ecause of that, I cannot grant reasonable efforts." *Id.* at 23.

Relevant to this appeal, 42 Pa.C.S. § 6351(b) requires the court, prior to any order of disposition that would remove a dependent child from his or her home to determine, *inter alia*, "whether reasonable efforts were made prior to the placement to prevent or eliminate the need for removal of the child" or "if preventative services were not offered due to the necessity for an emergency placement, whether such lack of services was reasonable under the circumstances." 42 Pa.C.S. § 6351(b)(2), (3). *See Interest of K.C.*, 156 A.3d 1179 (Pa. Super. 2017) (trial court abused its discretion at dependency adjudicatory hearing when it applied the standard for permanency hearing, 42 Pa.C.S. § 6351(f), rather than the standard for adjudicatory hearings).

> ***In Interest of K.C., supra***,
>
>> the trial court's inquiry at the hearing with regard to whether reasonable efforts were made focused on whether DHS had made reasonable efforts to finalize a placement for K.C. The court did not discuss what efforts, if any, we made to "prevent or eliminate the need for removal of [K.C.] from his home," nor did it determine whether this was an emergency placement and therefore "such lack of services was reasonable under the circumstances." 42 Pa.C.S. §§ 6351(b)(2)(3).

***Id.*** at 1184. This Court found that because the hearing "was an adjudicatory hearing where the court found K.C. dependent and removed him from his home … [the] trial court was required to apply Section 6351(b)[.]" ***Id.***

Here, just as in ***Interest of K.C.***, the court held an adjudicatory hearing and found G.S. dependent and removed her from her home. The court further determined DHS made "NO reasonable efforts." Order of Adjudication and Disposition — Dependent, 11/21/2016, at 1. In its opinion, in addition to its reasoning stated at the adjudicatory hearing, namely, that DHS failed to take Child for medical follow up treatment, the court also stated that DHS failed to explore relatives or alternate placement resources,[5]

---

[5] The statement in the trial court's opinion that DHS did not explore relatives for placement is not supported by the record and is contradicted by the trial court's own order. ***See*** N.T., 11/21/2016, at 15 (trial court stating, "Okay. As long as you made an effort to do [place Child in kinship care]."); Order, 11/21/2016, at 2 (finding DHS "did explore Family Members as Possible Placement/Kinship Resource to no Avail").

and failed to gather necessary information regarding mother's parenting classes. *See* Trial Court Opinion, 6/22/2017, at 2, 3. However, in light of the "reasonable efforts" standard set forth at 42 Pa.C.S. § 6351(b), *supra*, and explained in *Interest of K.C.*, it is clear that all of the court's considerations are irrelevant to the preplacement "reasonable efforts" determination, and that the trial court failed to apply the correct standard. Therefore, we conclude the court's determination constitutes an abuse of discretion.

Next, DHS argues that the trial court erred as a matter of law in holding that the record evidence did not support an order finding that DHS made reasonable efforts to prevent or eliminate the need for placement of the Child. Based on our review, we agree with DHS's position that the record reflects two prior orders in this case that include findings that DHS made Section 6351(b) reasonable efforts, *see* Order of Protective Custody, *supra*; Master's Recommendation for Shelter Care and Order, *supra*,[6] and that the evidence presented at the adjudicatory hearing provided no grounds that would warrant modification of the prior findings. Because the trial court based its conclusion that DHS made "NO reasonable efforts" without regard to the proper criteria under 23 Pa.C.S. § 6351(b), we conclude the court erred as a matter of law in its "reasonable efforts" determination, and we

---

[6] The Shelter Care Order was signed by the **same** judge who made the "NO reasonable efforts" determination in the Order of Adjudication.

remand to the trial court to enter a finding that DHS did make reasonable efforts to prevent the placement of Child.[7]

Order vacated in part. Case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>10/2/2017</u>

---

[7] Notably, since the time the order in this case was entered in the trial court, three recent decisions involving the **same** judge who presided in this case have addressed this identical issue of the correct "reasonable efforts" standard. ***See In the Interest of K.C., supra; In the Interest of K.S., T.B., M.B., and N.B.***, 1662 EDA 2016, 2017 Pa. Super. Unpub. LEXIS 1194 (Pa. Super. Mar. 29, 2017) (unpublished memorandum) (trial court abused its discretion when it applied the incorrect standard, remanded to trial court and jurisdiction retained); ***In the Interest of K.S., T.B., M.B., and W.B.***, 1662 EDA 2016, 2017 Pa. Super. Unpub. LEXIS 2902 (Pa. Super. July 31, 2017) (unpublished memorandum) (dismissing appeals as moot in light of trial court's order finding that D.H.S. had made reasonable efforts to prevent or eliminate removal of child from the home).